UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIE LEE MARTIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> LAPORTE COUNTY JAIL, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-837-RLM-MGG |

OPINION AND ORDER

Willie Lee Martin, Jr., a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Martin alleges that his cell door wasn't working properly, causing it to slam shut quickly. As a result, on July 6, 2019, when he was hurrying to return to his cell, the door slammed on his fingers and his right ring finger broke. Nurse Malissa and Nurse Mary both knew that his finger was broken but refused to

provide him any medical care for twenty-four days. He repeatedly asked for ice and pain medication, but he received neither. He was seen by an outside physician on the twenty-fourth day.

Because Mr. Martin is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See* Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017); Burton v. Downey, 805 F.3d 776, 784 (7th Cir. 2015). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonable inquiry identified in *Kingsley*." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Henderickson*, 135 S.Ct. 2466, 2472 (2015)). The inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id.* at 353. The first step, which focuses on the intentional conduct of the defendants, "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* The second step asks whether the challenged conduct was objectively reasonable. *Id.* at 354. Additional fact finding may demonstrate that the medical care Mr. Martin received for his finger injury was objectively reasonable, but giving him the inferences to which he is entitled at this stage of the case, he has stated a claim upon which relief can be granted against Nurse Malissa and Nurse Mary.

Mr. Martin has also sued "Ken," the maintenance worker who didn't repair his door before Mr. Martin broke his finger. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to

2

punishment." Mulvania v. Sheriff, 850 F.3d at 856. "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* Mr. Martin alleges only that he reported that his cell door needed repair because it was slamming, and jail maintenance staff were slow to respond to his request, leading to a finger injury. These facts don't plausibly suggest that the door was not repaired because maintenance staff wanted Mr. Martin to be punished. A cell door that slams shut simply doesn't rise to the level of an unconstitutional jail condition. Mr. Martin hasn't stated a claim on which relief could be granted against "Ken".

Mr. Martin has sued Sheriff John Boyd, Captain Ott, and Sgt. Wilcher, but he doesn't allege that any of these people were personally involved in denying him medical care for his broken finger. He alleges that they "do not stay on top of the jail to make sure the jail staff are running the jail properly." ECF 1 at 3. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Martin also alleges that Sheriff John Boyd, Captain Ott, and Sgt. Wilcher violated his rights because he filed grievances about their staff not providing medical care for his broken finger. The complaint doesn't describe how they violated his rights in response to filing these grievances, so this allegation doesn't state a claim on which relief could be granted.

Mr. Martin names Quality Correctional Care as a defendant but doesn't otherwise discuss this entity in the narrative portion of the complaint. Due to this lack of information, he can't proceed against this defendant on this complaint.

Finally, Mr. Martin has sued the LaPorte County Jail. That is a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Mr. Martin can't proceed against the jail.

For these reasons, the court:

(1) GRANTS Willie Lee Martin, Jr., leave to proceed on a Fourteenth Amendment claim against Nurse Malissa and Nurse Mary for money damages for providing inadequate treatment for his broken finger;

(2) DISMISSES LaPorte County Maint. Ken, Sheriff John Boyd, Captain Ott, Sgt. Wilcher, Quality Correctional Care, and LaPorte County Jail;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Nurse Malissa and Nurse Mary at the LaPorte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Nurse Malissa and Nurse Mary to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Willie Lee Martin, Jr., has been granted leave to proceed in this screening order.

SO ORDERED on August 6, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT