UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIE LEE MARTIN, JR.,

    Plaintiff,

v.                               CAUSE NO. 3:19-CV-837-RLM

MALISSA and MARY,

    Defendants.

OPINION AND ORDER

Willie Lee Martin, Jr., a prisoner without a lawyer, is proceeding in this case on a Fourteenth Amendment claim against Nurse Melissa Edson and Nurse Mary Montgomery "for money damages for providing inadequate treatment for his broken finger[.]" ECF 11 at 4. The defendants filed a motion for summary judgment on October 14, 2021. ECF 40. With the motion, the defendants provided Mr. Martin the notice required by N.D. Ind. L.R. 56-1(f). ECF 42. Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notice.

"A party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." Northern District of Indiana Rule 56-1(b)(1). This deadline passed more than two months ago, and Mr. Martin hasn't responded, so the court will now rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't rely simply on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010). Summary judgment "is the put up or shut up moment in a lawsuit . . .." Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008).

Nurse Montgomery and Nurse Edson submit affidavits, attesting to the following facts:[1] During all times relevant to the complaint, Mr. Martin was a pretrial detainee at LaPorte County Jail, where Nurse Montgomery and Nurse Edson were employed as nurses. ECF 41-2 at 1; ECF 41-3 at 1. In July 2019, Mr. Martin reported

---

[1] Because Mr. Martin didn't respond to the defendants' summary judgment motion, the Court accepts the facts alleged in the defendants' affidavits as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ..")

2

an injury to his finger. ECF 41-2 at 2; ECF 41-3 at 2. A physician at LaPorte County Jail, Dr. Eric Tchaptchet, ordered an x-ray. *Id.* The x-ray was completed on July 17, 2019, and confirmed a fracture in Mr. Martin's finger. *Id.* Dr. Tchaptchet issued an order for Mr. Martin to be seen by an orthopedic specialist. *Id.* Mr. Martin was seen by an off-site specialist on July 30, 2019, and August 13, 2019, and was administered a splint. *Id.* On August 6, 2019, Dr. Tchaptchet issued an order for Mr. Martin to receive Ibuprofen. *Id.*

Neither Nurse Montgomery nor Nurse Edson recall having any specific involvement in the decision-making regarding the care and treatment provided to Mr. Martin for his injured finger. *Id.* As nurses, they don't have the authority to diagnose patients, order medications, or order specific treatment. ECF 41-2 at 1-2; ECF 41-3 at 1-2. Nurse Montgomery and Nurse Edson provided Mr. Martin the treatment and medications that Dr. Tchaptchet ordered. ECF 41-2 at 2; ECF 41-3 at 2.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in Kingsley [v. Hendrickson, 576 U.S. 389 (2015)]." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is "whether the medical defendants acted purposefully, knowingly, or perhaps0 even recklessly when they considered the consequences of their handling of plaintiff's case." McCann v. Ogle Cty., 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

3

There is no evidence the treatment provided to Mr. Martin by Nurse Montgomery and Nurse Edson was objectively unreasonable. It is undisputed Martin was seen by a physician and orthopedic specialist in regard to his injured finger, and Nurse Montgomery and Nurse Edson provided Mr. Martin the treatment and medications the physicians ordered. Mr. Martin provides no evidence by which a reasonable jury could conclude the defendants acted unreasonably by providing him with the treatments and medications ordered by the physicians. Summary judgment is thus warranted in favor of Nurse Montgomery and Nurse Edson.

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 40); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Willie Lee Martin, Jr., and to close this case.

SO ORDERED on February 7, 2022

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT